# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
       Plaintiff,

    v.                                          Case No. 07-C-565

**APPROXIMATELY 81,454 CANS
OF BABY FORMULA,**
       Defendant,

**WELLS FARGO BANK, NA, and
KALOTI WHOLESALE, INC.,**
       Claimants.

## DECISION

### I. BACKGROUND

On February 16, 2007, FBI agents seized more than 80,000 cans of infant formula from the warehouse of New Berlin grocery distributor Kaloti Enterprises ("Kaloti"). After unsuccessfully attempting to persuade the government to return the seized formula, Kaloti filed a petition for its release pursuant to 18 U.S.C. § 983(f) on grounds of hardship. See Kaloti Wholesale, Inc. v. United States, No. 07-CV-0552 (E.D. Wis. June 15, 2007). Shortly thereafter, the government filed this in rem action, seeking civil forfeiture of the formula under 18 U.S.C. § 981, alleging that it was stolen, had crossed interstate lines and that Kaloti had knowingly received it in violation of 18 U.S.C. § 2315. Wells Fargo Bank, NA ("WFB") intervened in both actions, claiming a security interest in the formula as part of its security interest in Kaloti's inventory. On December 6, 2007, I denied Kaloti and WFB's petition for release of the formula on hardship grounds. Kaloti and WFB now

ask me to order an interlocutory sale of the formula with the proceeds to be held in escrow pending the outcome of the forfeiture action and any other proceedings against Kaloti.[1] Rule G of the Supplemental Rules for Admiralty or Maritime claims and Asset Forfeiture Actions authorizes such a sale. The government opposes my ordering a sale, arguing that some of the formula may be unsafe for human consumption.

I held a hearing on the issue at which the government presented testimony from FBI Special Agent Eric Lawson; Daniel March, the Director of Food Safety at infant formula manufacturer Mead Johnson; Randy McKay, the Director of Product Safety and Quality Assurance at infant formula manufacturer Abbott Laboratories; and Dr. Benson Silverman, the Supervisory Medical Officer and Staff Director of the Infant Formula and Medical Food Staff at the Food and Drug Administration ("FDA") Center for Food Safety and Applied Nutrition. Kaloti presented testimony from Dr. Stanley Weiss, a consultant and former professor in materials science and metallurgical engineering.

## II. DISCUSSION

Under Rule G(7)(b)(i), a court handling a forfeiture action "on motion by a party . . . may order all or part of the property sold if . . . the property is perishable or at risk of deterioration, decay or injury by being detained in custody pending the forfeiture action." In this case, the parties do not dispute that the formula is perishable or at risk of deterioration, as the formula has a limited shelf life and after expiration is no longer guaranteed safe for consumption by infants.

---

[1] The government states that it is conducting a criminal investigation of Kaloti.

2

Before determining whether to order a sale, I address two preliminary issues. First, the government argues that I may not order a sale because no party asked me to do so. As the Rule indicates, I may only order a sale on motion of a party. However, both Kaloti and WFB requested that I order a sale of the formula with the proceeds to be held in escrow pending the outcome of the forfeiture proceeding – the exact relief contemplated by Rule G(7)(b)(i). (See, e.g., WFB's Resp. to Government's Resp. Regarding Declaratory Relief, Docket #24, at 3-4 (E.D. Wis. Nov. 15, 2007).) Although Kaloti and WFB did not cite Rule G, they asked for the relief that the Rule contemplates. This is sufficient. Second, Kaloti and WFB argue that under the Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. § 983(c), the government bears the burden of proof on the issue of whether I should order a sale. I disagree. While CAFRA requires the government to prove that property is forfeitable, it does not allocate the burden of proof on all issues, and it contains nothing suggesting that any party other than the one seeking an interlocutory sale bears the burden of proof on the issue. Thus, Kaloti and WFB must establish that I should order a sale.

As to the merits, Rule G leaves the question of whether to order a sale to the district court's discretion. In the present case, with some reluctance, I decline to order an interlocutory sale. The government presented three knowledgeable witnesses who opined that Kaloti's processing of 80,000 cans of the formula may have made some of the formula unsafe and a risk to infants who might consume it. Although I found the testimony of these witnesses to be somewhat speculative, I nevertheless conclude that there is some risk of harm were the formula to be sold to the public and that such risk outweighs the potential benefit of a sale. The government's witnesses testified that
3

Kaloti's use of heat and solvents such as xylene and toluene to remove labels from cans of formula and of razor blades to scrape labels off of cans create possible safety issues. They also testified that the fact that Kaloti employees worked on the cans manually and in an environment that was less than sanitary created a risk of contamination. March and McKay both testified that the conditions under which Kaloti employees worked with the cans of formula were not sufficiently safe. Silverman testified that if he could,[2] he would bar dissemination of the formula because he believed it created a risk of significant harm and that the only way such risk could be eliminated would be to test every can of formula. The evidence also raised the possibility that Kaloti employees could have mislabeled some cans of formula and, if so, infants could possibly suffer allergic reactions or nutritional deficiencies.

Weiss addressed some of the testimony relating to safety. For example, he opined that the likelihood that a razor blade could cut through a formula can or a solvent would penetrate the interior of the can was small and that heat probably did not detrimentally affect the formula. However, he did not rule out the possibility of formula contamination and did not address the possibility of mislabeling.

Thus, I conclude that while it is somewhat unlikely that Kaloti's work with the formula could lead to an infant being harmed, there is some possibility that it could, and if it did, the harm could be serious. At the same time, the likely benefits of a sale are small. A substantial portion of the seized formula is either too old to be sold or soon will be. By the time a sale could take place, it is likely that only a small amount of the formula

---

[2] The FDA does not have jurisdiction over the seized formula because Kaloti is not a manufacturer.

would be in a condition such that it could be sold. Further, any formula that was sold would likely have to be discounted considerably. Thus, it is unlikely that a sale will generate much revenue. In sum, balancing the potential harm against the small benefit that would result from a sale, I decline to order an interlocutory sale.

Therefore,

**IT IS ORDERED** that the request for an interlocutory sale is **DENIED**.

Dated at Milwaukee, Wisconsin this 2 day of June, 2008.

/s
LYNN ADELMAN
District Judge