# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
       Plaintiff,

    v.                                                    Case No. 07-C-565

**APPROXIMATELY 81,454 CANS**
**OF BABY FORMULA,**
       Defendant,

**WELLS FARGO BANK, NA,**
       Proposed Intervenor-
       Claimant.

## DECISION AND ORDER

On June 2, 2008, I issued a decision and order in the above-captioned matter denying a request by claimants Wells Fargo Bank and Kaloti Wholesale, Inc. ("Kaloti") for an interlocutory sale, pursuant to Fed. R. Civ. P. Supp. R. G(7)(B)(i)(a), of cans of infant formula currently in the government's possession. Pursuant to 28 U.S.C. § 1292(b), Kaloti now asks me to certify the order for immediate interlocutory appeal.

Under § 1292(b), a district court may certify an order for interlocutory appeal if it concludes that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." For a court to grant a § 1292(b) petition, "there must be a question of <u>law</u>, it must be <u>controlling</u>, it must be <u>contestable</u>, and its resolution must promise to <u>speed up</u> the litigation." Ahrenholz v. Bd. of Trs. of Univ. of Ill., 219 F.3d 674, 675 (7th Cir. 2000). The party seeking interlocutory

review has the burden of persuading the court that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Fisons Ltd. v. United States, 458 F.2d 1241, 1248 (7th Cir. 1972).

A question of law is controlling if its resolution is likely to affect the course of the litigation. Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs, Inc., 86 F.3d 656, 658 (7th Cir. 1996). In the present case, Kaloti seeks to raise the question of whether, assuming that the denial of an interlocutory sale of perishable goods amounts to a "de facto" forfeiture, the government has the burden of proving by a preponderance of the evidence that there should be no interlocutory sale. The question that Kaloti seeks to raise is not controlling because the answer would not affect the course of the litigation. Nor would it speed up the litigation. Under Rule G, I have discretion as to whether to order a sale even when the criteria for a sale are otherwise met. See Fed. R. Civ. P. G(7)(B)(i) ("[T]he court may order . . . the property sold if the property is perishable . . . .") (emphasis added). Regardless of which party has the burden of proof, I may exercise that discretion as long as I do not abuse it. Even assuming that the burden of proof is relevant and that it falls on the government, in the present case, the government met its burden. My decision declining an interlocutory sale was based on evidence presented by the government regarding the safety of the formula. The government convinced me of the inappropriateness of the sale. Thus, the question that Kaloti seeks to raise would have no impact on the pending litigation.

**THEREFORE, IT IS ORDERED** that defendant's motion to amend the decision and order by certifying it for interlocutory appeal is **DENIED.**

2

Dated at Milwaukee, Wisconsin this 26 day of August, 2008.

                      /s  
                      LYNN ADELMAN  
                      District Judge