# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

May 18, 2009

To:    Jon W. Sanfilippo
UNITED STATES DISTRICT COURT
Eastern District of Wisconsin
Milwaukee , WI 53202-0000

| | |
|---|---|
| No.: 08-2637 | UNITED STATES OF AMERICA, Plaintiff - Appellee<br><br>v.<br><br>APPROXIMATELY 81,454 CANS OF BABY FORMULA, Defendant<br><br>APPEAL OF: KALOTI WHOLESALE INCORPORATED, |

| Originating Case Information: |
|---|
| District Court No: 2:07-cv-00565-LA<br>Eastern District of Wisconsin<br>District Judge Lynn Adelman |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

| PARTIAL RECORD RETURN | Record to be returned later |
|---|---|
| Pleadings to be returned later: | 1 |
| Exhibits to be returned later: | 1 |

**NOTE TO COUNSEL:**

If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:** **Received by:**

_____ _____

form name: **c7_Mandate** (form ID: **135**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## FINAL JUDGMENT

**CERTIFIED COPY**
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

March 25, 2009

BEFORE:    RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

ROBERT M. DOW, JR., *District Judge* *

| | |
|---|---|
| No.: 08-2637 | UNITED STATES OF AMERICA, Plaintiff - Appellee<br><br>v.<br><br>APPROXIMATELY 81,454 CANS OF BABY FORMULA, Defendant<br><br>APPEAL OF: KALOTI WHOLESALE INCORPORATED |
| **Originating Case Information:** ||
| District Court No: 2:07-cv-00565-LA<br>Eastern District of Wisconsin<br>District Judge Lynn Adelman ||

The judgment of the District Court is **AFFIRMED**, with costs, in accordance with the decision of this court entered on this date.

* Judge Robert M. Dow, Jr., of the Northern District of Illinois, sitting by designation.

form name: **c7_FinalJudgment** (form ID: **132**)



In the

# United States Court of Appeals
## For the Seventh Circuit

No. 08-2637

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

APPROXIMATELY 81,454 CANS OF BABY FORMULA,

*Defendant.*

APPEAL OF:

KALOTI WHOLESALE, INC.

Appeal from the United States District Court
for the Eastern District Wisconsin.
No. 07–CV–565—**Lynn Adelman**, *Judge*.

ARGUED FEBRUARY 9, 2009—DECIDED MARCH 25, 2009

Before POSNER and SYKES, *Circuit Judges*, and DOW, *District Judge*.[*]

POSNER, *Circuit Judge*.  In February of 2007, federal agents seized, pursuant to a search warrant, more than 80,000

---

[*] Judge Robert M. Dow, Jr., of the Northern District of Illinois, sitting by designation.

Case: 08-2637     Document: 21     Filed: 03/25/2009     Pages: 6

cans of powdered baby formula from the warehouse of the appellant, a grocery wholesaler, on suspicion that they had been stolen from retail stores. Many of the cans still had retail-store markings or evidence of altered labels; apparently the appellant had stripped labels off cans on which the "use by" date (printed on the bottom of the can rather than on the label) had passed and pasted them on other cans, which were still salable. Unlike "best when purchased by" dates, at issue in our recent decision in *United States v. Farinella*, 2009 WL 615408 (7th Cir. Mar. 12, 2009), the "use by" dates on baby formula are mandatory: to sell after that date the appellant would have had to retest the baby formula to demonstrate that it still met nutritional requirements, and also would have had to establish a new "use by" date and repackage the formula with the new date. See 21 U.S.C. § 350a; 21 C.F.R. § 107.20. The appellant was not interested in doing that.

Also found in the warehouse were materials used for removing and altering labels. And the appellant's business records indicated that it had bought the cans of baby formula at prices below wholesale, which is consistent with their being stolen goods.

The government filed a civil forfeiture suit, 18 U.S.C. § 981, which is pending in the district court. The appellant asked the judge for permission to sell the baby formula on the ground that its "use by" dates were approaching; indeed, about 80 percent of them have expired already, and the rest will do so by the end of the year.

Case 2:07-cv-00565-LA   Filed 05/18/09   Page 5 of 9   Document 51

No. 08-2637 3

Rule G(7)(b)(i) of the Supplemental Rules [of civil procedure] for Admiralty or Maritime Claims and Asset Forfeiture Actions, which governs procedure in civil forfeiture suits brought by the federal government, provides that the court in which such a suit is pending "may order all or part of the property [sought to be forfeited] sold if: (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action." The rule does not set forth criteria for deciding such a motion. The judge denied the motion on the ground that the sale of the baby formula might endanger the babies who ate it. The denial precipitated this appeal.

The judge's ruling was not a final decision, appealable under 28 U.S.C. § 1291. But the appellant contends that it is appealable under the "collateral order" doctrine. That doctrine permits the immediate appeal of an order that involves issues separate from those in the underlying litigation in the district court and that would impose irreparable harm on the objecting party. E.g., *Will v. Hallock*, 546 U.S. 345, 349-50 (2006). The first criterion is satisfied; the issue presented by the appeal is unrelated to the issue in the underlying litigation. The issue on appeal is the safety of the baby formula; the issue in the district court is whether the baby formula was stolen. If it is perfectly safe, it can be sold and the proceeds placed in escrow, to be conveyed to the appellant if it is ultimately determined that the baby formula was not stolen.

Whether the second criterion for an immediate appeal is satisfied is a little less clear. It is true that if the district

judge's refusal to permit a sale is allowed to become final, much or perhaps all of the baby formula will become unsalable before the forfeiture proceeding is resolved. But that is irreparable harm only if the appellant has no monetary remedy should the government lose the forfeiture suit. It might have a remedy in damages under the Federal Tort Claims Act if the government's action in holding on to the baby formula until it became unsalable was negligent (see the exception within an exception in 28 U.S.C. § 2680(c)), or a possible *Bivens* action for the deprivation of property without due process of law. We do not explore these possibilities, partly because they are highly speculative but mainly because neither party's brief suggests the possibility of *any* monetary remedy if through passage of time the baby formula becomes unsalable.

And so we arrive at the merits of the appeal.

In a forfeiture suit, the government would have the burden of proving that the property was subject to forfeiture, and this would mean, in the present case, proving that the baby formula had been stolen. The appellant argues that the burden of proof with regard to the sale order should also rest on the government. Otherwise, it argues, its goods will be rendered valueless even if the government should fail to prove that they were stolen.

The argument fails on several independent grounds. First, the appellant could have sought an expedited hearing on a motion (which it made) to release the property to it pending the forfeiture proceeding. 18 U.S.C. § 983(f). It did not do so. Second, the judge was explicit

that even if he placed the burden of proving whether to permit an immediate sale on the government, he would deny the motion because of his concern for safety. And third, there is no rule or even presumption that the burden of proof is uniform across all issues in a case. E.g., *R.J. Corman Derailment Services, LLC v. International Union of Operating Engineers, Local Union 150,* 335 F.3d 643, 647-48 (7th Cir. 2003); *Mayall v. Peabody Coal Co.*, 7 F.3d 570, 573 (7th Cir. 1993). The plaintiff in a tort or contract suit has the burden of proving liability and damages; but if the defendant interposes a defense, for example of statute of frauds, statute of limitations, or assumption of risk, the burden of proving the defense is on him. As the appellant itself emphasizes in asserting the applicability of the collateral-order doctrine to its appeal, the issue presented by the Rule G(7)(b)(i)(A) motion is different from the issue in the forfeiture proceeding, and we do not see why the burden of proof should not be on the moving party—which is the default rule for burdens of proof.

And whichever party has the burden of proof, the district court did not abuse its discretion in denying the appellant's motion—the proper standard of appellate review, since the rule does not state any criteria to guide the judge. Without prescribed criteria, the judge can range widely in deciding what factors to consider, and what weight to give them, in making his ruling. He has, in other words, considerable discretion, which implies a deferential standard of appellate review. "The more numerous and imponderable the factors bearing on a decision, the harder it will be for a reviewing court to

pronounce the decision unreasonable and hence an abuse of discretion." *Call v. Ameritech Management Pension Plan*, 475 F.3d 816, 822 (7th Cir. 2007).

The judge conducted a hearing at which evidence was presented that one can of baby formula inspected by the government had been found to be mislabeled as to contents, which could endanger babies who have food allergies, and also that solvents used by the appellant in changing the labels, along with the generally unhygienic condition of the warehouse in which the cans were delabeled and relabeled, created a threat of contamination of the contents. There was conflicting evidence, and the appellant argues that it should have been given an opportunity to test a sample of several hundred cans to determine whether there was contamination of any of them, or any dangerous discrepancy between relabel and contents. But while if none of the cans in the inspected sample turned out to be a danger this would be strong statistical evidence that the mislabeled can found by the government was the only one in the entire lot, it would not be conclusive evidence, and we cannot say that the judge abused his discretion in insisting that even a very slight danger was reason enough to bar the sale. Cf. *Caterpillar, Inc. v. Herman*, 131 F.3d 666, 669-70 (7th Cir. 1997); *Davis v. United States*, 716 F.2d 418, 430 (7th Cir. 1983); *In re City of New York*, 522 F.3d 279, 285 (2d Cir. 2008).

AFFIRMED.

3-25-09